**Justin D. Leonard**, OSB 033736
    Direct:  971.634.0192
    Email:  jleonard@LLG-LLC.com
**Holly C. Hayman**, OSB 114146
    Direct:  971.634.0193
    Email:  hhayman@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax:  971.634.0250

        Counsel for Trustee Vanesa Pancic

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Monica Lynne Miner,**<br><br>Debtor. | Case No. 16-63325-tmr7 |
| **Vanesa Pancic**, Trustee,<br><br>Plaintiff,<br>v.<br><br>**Eric Kaneshiro,** an individual, **Wells Fargo Bank, N.A.**, a foreign business corporation, **SELCO Community Credit Union**,<br><br>Defendants. | Adv. No. 17-*[see below]*<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment, Avoidance and Recovery of Fraudulent Transfer, Avoidance and Recovery of Post-Petition Transfer, Turnover & Approval of Sale of Estate and Co-Owner Interest in Property)** |

Plaintiff Vanesa Pancic, as the chapter 7 trustee (the "**Trustee**" or "**Plaintiff**")

for the bankruptcy estate of the debtor Monica Lynne Miner (the "**Debtor**"), hereby alleges:

### SUMMARY OF RELIEF SOUGHT

1.        The Trustee seeks a declaratory judgment regarding the Estate's right,

title, and interest in the residence located at 3561 Preston Street, Eugene, Oregon (the

"**Residence**"). The Trustee further seeks a judgment avoiding the Debtor's transfer of her

interest in the Residence to her former spouse Eric Kaneshiro ("**Kaneshiro**") and entry of a

**Page 1 of 7 – COMPLAINT**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 17-06031-tmr    Doc 1    Filed 05/02/17

money award against Kaneshrio for the value of the transfer. Alternatively, the Trustee seeks a judgment authorizing her sale of both the Estate's and Kaneshiro's interests in the Residence.

**JURISDICTION**

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

3.      This adversary proceeding is filed in the chapter 7 bankruptcy case of the Debtor pending in the United States Bankruptcy Court for the District of Oregon, Eugene Division, Case No. 16-63325-tmr7 (the "**Case**").

4.      The matter in controversy arises under Fed. R. Bankr. P. 7001, particularly subsections (2) and (9), and 11 U.S.C. §§ 363(h), 544, 549, 550 and ORS 95.240. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including the matters described in (K) and (O).

5.      The Trustee consents to the Court's entry of a final order and judgment to resolve this dispute.

**THE PARTIES**

6.      The Trustee is the bankruptcy trustee appointed by the Court to administer the bankruptcy estate of the Debtor (the "**Estate**" or "**Bankruptcy Estate**") for the benefit of the Debtor's creditors.

7.      Defendant Eric Kaneshiro is an individual and is not a debtor in the Case. Kaneshiro is the Debtor's former spouse and the co-owner of the Residence. Kaneshiro resides at the Residence; his mailing address is 3561 Preston Street, Eugene, Oregon 97401.

8.      Defendant Wells Fargo Bank, N.A. ("**Wells Fargo**") is a creditor in the Case with the first position trust deed secured against the Residence. Wells Fargo is an insured depository institution. Wells Fargo's chief operating officer and president is Timothy Sloan and Wells Fargo's corporate office is located at 420 Montgomery Street, San Francisco, CA 94104.

9.      Defendant SELCO Community Credit Union ("**SELCO**") is a creditor in the Case with the second position trust deed secured against the Residence. SELCO is an insured depository institution. SELCO's chief executive officer or manager is Bob Newcomb, and SELCO's corporate office is located at 1050 High St. STE 300, Eugene, OR 97401.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

10. The following facts and exhibits are based on the documents and records filed in the Case.

11. The Debtor and Kaneshiro purchased the Residence and held title as tenants by the entirety.

12. The Debtor and Kaneshiro granted Wells Fargo a promissory note and trust deed dated February 4, 2002. The Wells Fargo trust deed secure the first position voluntary lien against the Residence.

13. The Debtor and Kaneshiro granted SELCO a lien of credit trust deed dated November 2, 2007 against the Residence.

14. The Debtor and Kaneshiro filed dissolution proceedings in Lane County Circuit Court and a general judgment of dissolution of marriage was entered on December 23, 2013 (the "**Dissolution Judgment**"). Under the Dissolution Judgment, Kaneshiro was to refinance the Residence to remove the Debtor's name from any encumbrances and the Debtor was to transfer her interest in the Residence to Kaneshiro after that was accomplished. Alternatively, the parties were to sell the Residence if Kaneshiro was unable to refinance within one year. A copy of the Dissolution Judgment is attached as Exhibit 1.

15. The Debtor filed her voluntary chapter 7 case on November 16, 2016 (the "**Petition Date**").

16. On the Petition Date, the fair market value of the Residence was approximately $271,000.

17. As of the Petition Date, Kaneshiro had not refinanced the Residence to remove the Debtor from the encumbrances and the Residence had not been sold. Also as of the Petition Date, the Debtor held title to the Residence as a co-owner. The Debtor scheduled the Residence but indicated she had no interest in the property.

18. The meeting of creditors took place in the Case on December 19, 2016. At the meeting of creditors, the Debtor testified that she received a $40,000 payment from Mr. Kaneshiro in November of 2013 in exchange for her interest in the Residence (the "**Pre-Petition Transfer**").

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

19.     The Pre-Petition transfer was made while the Debtor was insolvent and did not include an exchange of reasonably equivalent value. The Pre-Petition Transfer was a fraudulent transfer that should be avoided for the benefit of the Estate's creditors.

20.     Both Wells Fargo and SELCO allege that the Debtor and Kaneshiro are in default for non-payment under their respective loans.

21.     On December 13, 2016, Wells Fargo filed a Motion for Relief from the Automatic Stay to pursue foreclosure of its trust deed (Doc. No. 7).

22.     The Trustee and SELCO separately objected to Wells Fargo's Motion for Relief from the Automatic Stay (Doc. Nos. 11 and 12, respectively). The Trustee asserts that the Estate has an interest in the Residence.

23.     On December 21, 2016, after the Petition Date, the Debtor signed a quitclaim deed transferring her interest in the Residence to Kaneshiro in exchange for $1.00 (the "**Quitclaim Deed**"). The Quitclaim Deed was recorded in the Lane County real property records on April 24, 2017. A copy of the Quitclaim Deed is attached as <u>Exhibit</u> 2. The Debtor's transfer of her interest in the Residence by virtue of the Quitclaim Deed is an avoidable post-petition transfer (the "**Post-petition Transfer**").

24.     The Debtor's transfer of the Estate's interest in the Residence to Kaneshiro was an unauthorized post-petition transfer and should be avoided. The Trustee has the power to avoid this transfer and recover the value of the same (approximately $78,000) for the benefit of creditors.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment re Estate's Right, Title, and Interest in Assets
Under FRBP 7001(2) and (9))**

25.     The Trustee restates and incorporates the allegations of paragraphs 1 through 24 above.

26.     The Trustee is entitled to a judgment declaring whether, and to what extent, the Estate has an interest in the Residence. The Trustee is entitled to a judgment declaring that any transfers of these assets are void, and that the assets are subject to liquidation by the Trustee for the benefit of the Estate's creditors. The Trustee also requests that the Court determine the right, title, and interest of defendants Wells Fargo, and SELCO in the Residence.

**Page 4 of 7 – COMPLAINT**

## SECOND CLAIM FOR RELIEF

### (Avoid and Recover Fraudulent Transfer of the Residence Under 11 U.S.C. § 544 and ORS 95.240(1) and (2))

27. The Trustee restates and incorporates the allegations of paragraphs 1 through 26 above.

28. The Debtor testified at the meeting of creditors that she transferred her interest in the Residence on or about November of 2013, within the four-year period prior to the Petition Date.

29. The Debtor was insolvent at the time of the Pre-Petition Transfer. Moreover, the Debtor did not receive reasonably equivalent value in exchange for the Pre-Petition Transfer.

30. The Trustee is entitled to a judgment (a) avoiding the Pre-Petition Transfer under 11 U.S.C. § 544 and ORS 95.240(1) and (2).

## THIRD CLAIM FOR RELIEF

### (Avoid and Recover of the Post-Petition Transfer of the Residence 11 U.S.C. § 549(a))

31. The Trustee restates and incorporates the allegations of paragraphs 1 through 30 above.

32. The Debtor's transfer of the Estate's interest in the Residence to Kaneshiro by the Quitclaim Deed was a post-petition transfer of property of the Estate that was not authorized by the Court.

33. The Trustee requests a judgment (a) avoiding the transfer of the Estate's interest in the Residence to Kaneshiro under 11 U.S.C. § 549(a); and (b) recovering the value of that transfer for the benefit of the Estate under 11 U.S.C. § 550 (*i.e.* approximately $78,000).

## FOURTH CLAIM FOR RELIEF
### (Sale of the Residence in accordance with 11 U.S.C. § 363(h))

34. The Trustee restates and incorporates the allegations of paragraphs 1 through 33 above.

35. The Trustee may sell both the Estate's interest and that of Kaneshiro in the Residence because:

Page 5 of 7 – COMPLAINT

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

      a.    partition in kind of the Residence among the Estate and Kaneshiro is impracticable;

      b.    the sale of the Estate's undivided interest in the Residence would realize significantly less than sale of the entire Residence;

      c.    the benefit to the Estate of a sale fee of the co-owner's interest in the Residence outweighs the detriment, if any, to the co-owner; and

      d.    the Residence is not to be used in the production, transmission or distribution of electric energy, natural or synthetic gas for heat, light or power.

36.    The Residence cannot be partitioned since it is a single-family dwelling on one parcel.

37.    A sale of the entire Residence will realize significantly more in the open market than a sale of the Estate's partial interest.

38.    The benefit to the Estate to sell the entire Residence outweighs any detriment, if any, to Kaneshiro as a co-owner.

39.    Last, the Residence is not used for the production, transmission or distribution of electric energy or natural or synthetic gas.

40.    Therefore, the Trustee requests a judgment by the Court authorizing the Trustee's sale of the Estate's and Kaneshior's interests in the Residence pursuant to 11 U.S.C. § 363(h).

**WHEREFORE**, the Trustee requests judgment against defendant Eric Kaneshiro as follows:

      a.    **For Claim One:** declaring that the Estate has a right, title, and interest, and determining the extent of such, in Residence; and also declaring and determining the extent of the interests of defendants Wells Fargo and SELCO in the Residence;

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

b.    **For Claim Two:** declaring the Pre-Petition Transfer an avoidable fraudulent transfer under 11 U.S.C. § 544 and ORS 95.240(1) and (2) and avoiding the same;

c.    **For Claim Three:** declaring the transfer of the Post-Petition Transfer an (a) an avoidable post-petition transfer in accordance with 11 U.S.C. § 549(a), and (b) avoiding the Post-Petition Transfer and recovering the value of the Estate's interest in the Residence (*i.e.* approximately $78,000) for the benefit of the Estate pursuant to 11 U.S.C § 550;

d.    **For Claim Four:** awarding a judgment:

1.    For approval of the sale of the Residence, which includes both the interests of the Estate and of Kaneshiro;

2.    For disbursement of a portion of the net proceeds (following payment of costs associated with the sale, including but not limited to brokerage fees, real estate taxes, and closing costs, and payment of the secured creditors Wells Fargo and SELCO in the full amount of their claims) of the sale of the Residence to the Estate, with the remaining portion of the net proceeds to be distributed to Kaneshiro; and

e.    awarding the Trustee such other legal and equitable relief as may be just and proper.

DATED this 2nd day of May 2017.

LEONARD LAW GROUP LLC

By:    /s/ Holly C. Hayman
      Holly C. Hayman, OSB No. 114146
      Direct: 971.634.0193
      Email:  hhayman@LLG-LLC.com
Counsel for Vanesa Pancic, Ch. 7 Trustee

**Page 7 of 7 – COMPLAINT**

Amanda S. Husted
OSB #107022
ACCESS THE LAW
245 West 13th Ave
Eugene, Oregon 97477
(541) 686-4890
husted@accessthelaw.org

FILED

13 DEC 23 AM 9 54

CIRCUIT COURT OF OREGON
FOR LANE COUNTY

BY_____

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF LANE

In the Matter of the Marriage of:

MONICA LYNNE MINER,
             Petitioner,

and

ERIC K. KANESHIRO,
             Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15-13-14725

**GENERAL JUDGMENT OF
DISSOLUTION OF MARRIAGE**

**(Money Award)**

**THIS MATTER** came before the Court upon the Petition for Dissolution of Marriage of Petitioner. Petitioner, Monica Miner, is represented by Access the Law and Amanda S. Husted; Respondent Eric Kaneshiro appeared and is unrepresented. The parties have stipulated to the following judgment as evidenced by their signatures below. The court, having been presented with this form of General Judgment of Dissolution of Marriage, having reviewed the records and documents on file herein, and being fully advised in the premises, makes the following findings:

1. Petitioner shall hereafter be referred to as "Wife". Respondent shall hereafter be referred to as "Husband". The children of the parties are Aaron and Sydney Kaneshiro, ages 13 and 11 respectably.

2. Husband and Wife have irreconcilable differences that have caused the irremediable breakdown of their marriage.

3. The court has jurisdiction over Husband and Wife.

4. Husband and Wife were married on February 1, 1997 in Eugene, Oregon and have ever since been Husband and Wife.

ACCESS THE LAW
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

JG
1,2
DEC 31 2013

5. Wife is not now pregnant.

6. Wife's address is: 2978 Bailey Lane, Eugene, Oregon 97401, date of birth is filed separately under her Family Law Confidential Information Form (CIF); and her social security number is confidential and such information is contained in the CIF.

7. Husband's address is: 3561 Preston Street, Eugene, Oregon 97401; his date of birth is filed separately under his CIF; and his social security number is confidential and such information is contained in the CIF.

8. For a period of six (6) months immediately prior to the filing of her petition for dissolution, Wife continuously has been, and now is, a resident and inhabitant of the State of Oregon.

9. No domestic relations suits or petitions for support pursuant to ORS 108.110 involving this marriage of Husband and Wife are pending in any other court in the State of Oregon or in any other state.

10. The courts of the state of Oregon have exclusive jurisdiction to make child custody determinations in this matter under the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, ORS 109.701, et seq.

11. This marriage should be dissolved and Husband and Wife granted the relief hereinafter set forth.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. **Termination of Marriage.** The marital status of the parties is hereby terminated. The provisions of this judgment are effective immediately.

     a. Any provision in a party's will that is now in force and effect that benefits the now former spouse shall be deemed revoked in accordance with the provisions of ORS 112.315. This revocation shall cause the will to be interpreted as if the former spouse did not survive the testator.

/ / /

ACCESS THE LAW
Amanda S. Hustol, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

GENERAL JUDGMENT OF DISSOLUTION (Money Award)

Page-2

**EXHIBIT 1**
**2 of 13**

2. **Child Custody and Parenting Time**.

    a. <u>Custody</u>. Wife is awarded sole, legal and physical custody of the children.

    b. <u>Parenting Schedule.</u> Husband shall have parenting time with the children for two (2) weekdays per week to be determined by the parties based upon their schedules and the children's school and activity schedules. Husband shall also have an additional two (2) weeks in the summer to be agreed upon by the parties. Husband and Wife shall alternate holidays.

    c. <u>Parental Rights.</u> Pursuant to ORS 107.154, each parent shall continue to have the following authority, to the same extent as the other parent has over the children:

        i. To inspect and receive school records, and to consult with school staff concerning the children's welfare and education.

        ii. To inspect and receive governmental agency and law enforcement records concerning the children.

        iii. To consult with any person who may provide care or treatment for the children and to inspect and receive their medical, dental, and psychological records.

        iv. To authorize emergency medical, dental, psychological, psychiatric, or other health care for the children if the custodial parent is, for practical purposes, unavailable.

        v. To apply to be the children's conservator, guardian ad litem or both.

    c. <u>Notice Requirements.</u> Each parent shall have a continuing responsibility to:

        i. Provide their current address, a phone number and email address to the other parent.

        ii. Notify the other parent of any emergency circumstances or substantial changes in the children's health.

    d. <u>Moving.</u> Neither parent shall move to a residence that is more than 60 miles further distant from the other parent without giving the other parent with at least 60 days notice and providing a copy of such notice to the court.

    e. <u>Parent's Conduct.</u> Husband and Wife are restrained and enjoined from making

*ACCESS THE LAW*
Amanda S. Husted, OSB #107022
245 West 13ᵗʰ Avenue
Eugene, Oregon 97401, (541) 686-4890

any derogatory comments about each other to, or in the presence of, the children, or in any way diminishing the love, respect, and affection that they have for either parent.

3. **Child Support.**

a. Beginning on January 1, 2014, Husband shall pay to the Wife as and for support for the care, support and maintenance of the minor child of the parties the sum of *$900.00* per month child support, with a like payment on the first day of each month thereafter so long as the adult child shall be "a child attending school" as defined by ORS 107.108(4). Provided, that the monthly support for an adult child attending school shall be paid directly to said child starting with first payment following the child's 18th birthday.

b. All payments shall be made directly into a bank account of Wife's choice by the first day of each month.

4. **As Additional Child Support.** As additional child support:

a. Health Insurance. Husband and Wife shall maintain medical and dental insurance for the children *so long as said insurance is available through employment, union, or other group plan at a reasonable cost.* If private insurance is not available at a reasonable cost then Wife shall enroll and maintain public health insurance for the children and provide Husband with the relevant information.

    i. The parties will provide each other with the name and address of the insurer, the policy number, and claim forms, and shall fully cooperate with each other in making claims on said policy.

    ii. All insurance claim forms shall be marked to instruct the insurer to pay benefits directly to the care provider rather than to Husband or Wife. Any reimbursement checks issued by the insurance company shall be the property of the party who actually paid money out-of-pocket for the change for which the reimbursement is being paid. The non-paying party shall turn over any reimbursement checks which that party may receive to the paying party within five days of receipt.

    iii. The terms of the actual policy of insurance shall be controlling on any issues that may arise as to the eligibility of a child for coverage under the terms of

*ACCESS THE LAW*
Amanda S. Hunter, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

Husband's insurance.

iv. The terms of the available health insurance may require that the children see medical care providers other than those they currently see. Each party shall utilize available health insurance to the fullest extent possible. Any expense that could have been covered by available health insurance but was not because a party did not properly utilize available health insurance shall not be considered reasonable expense which the other party would need to pay part of.

b. <u>Uninsured Health Care Costs.</u> Husband shall be responsible for 100% of uninsured reasonably incurred medical, dental, counseling, psychological, and orthodontic expenses including co-payments.

i. It shall be the party's obligation to request payment from the other of any such expenses within 90 days from the date the insurance company has completed processing of the claim.

ii. Each party shall give the other notice by providing him or her with a copy of the insurance company's form explaining payments made. Failure to make a timely request shall relieve the other of the obligation to pay for the incurred expense.

iii. The obligated parent shall make reimbursement to the other parent within twenty (20) days of receipt of the payment request and proof that the claim has been submitted to insurance and the insurance company has paid or rejected the claim.

c. <u>Life Insurance.</u> Husband shall maintain a life insurance policy in the amount of $100,000. The policy shall name the children as beneficiary. Pursuant to Section 9(d) of this General Judgment of Dissolution, Husband shall make Wife a beneficiary of this life insurance policy as laid out therein. This obligation shall continue as long as Husband is required to pay support on behalf the child.

i. Pursuant to ORS 107.820(6), each party shall promptly provide the other with a true copy of the insurance policy described above and shall immediately provide written notice of any action that will reduce the death benefit or change the designation of the beneficiaries under the policy. Thereafter, during the term of the obligation to maintain insurance, each party shall furnish to the other, upon request, a copy of the policy or evidence that the proper life insurance is in force with the appropriate beneficiary designation in effect.

ii. A constructive trust shall be imposed over proceeds of any insurance owned by a party at the time of that party's death, if said party fails to maintain

ACCESS THE LAW
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 684-4890

GENERAL JUDGMENT OF DISSOLUTION (Money Award)                    Page- 5

EXHIBIT 1
5 of 13

insurance in said amount, or if said insurance is in force but another beneficiary is designated to receive the funds.

      iii. Each party is prohibited from borrowing any monies from or against or in anyway reducing the benefits of said policies.

5. **Tax Dependency Exemption**. Wife shall be entitled to claim Sydney for tax exemption purposes. Husband shall be entitled to claim Aaron for tax exemption purposes.

6. **Division of Real Property.** Husband is awarded the marital home located at 3561 Preston Street, Eugene, Oregon 97401, a legal description of which is attached as *Exhibit One*, subject to the following:

      a. Husband is solely responsible for all encumbrances, loans, liens, mortgages and taxes on the home and shall hold Wife harmless. Husband is solely responsible for all utilities on the home and shall remove Wife's name from those accounts.

      b. Husband shall refinances or reapply for a new loan in order to remove Wife's name from all encumbrances on the home.

      c. As soon as Husband has removed Wife's name from the encumbrances, Wife shall sign the title of the home over to Husband.

      d. <u>Sale of the Home</u>. Husband shall have one year to remove Wife's name from the encumbrances on the home. In the event that Husband is unable to do so the home shall immediately be put up for sale. Husband shall be reasonable for all realtor fees, seller fees, or necessary repairs to the home in order to effectuate it's sale.

      e. <u>Jurisdiction</u>. This court shall maintain jurisdiction over this action in order to effectuate any future enforcement of these provisions.

7. **Division of Personal Property.** The property of the parties shall be divided as follows:

      a. <u>Wife's Property:</u> Wife is hereby awarded and shall receive free from any claim of Husband: All personal property not otherwise specifically described herein which is now in her possession or which may be owned in her name alone. Wife is also awarded the following:

/ / /

ACCESS THE LAW
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

GENERAL JUDGMENT OF DISSOLUTION (Money Award)        Page- 6

EXHIBIT 1
6 of 13

i. The Chevy Venture VIN #1GNDX13E64D115797.

ii. Husband shall sign over any interest in the vehicle within thirty (30) days of the signing of this judgment.

iii. Wife shall assume any outstanding debt on the vehicle and hold Husband harmless.

b. <u>Husband's Property.</u> Husband is hereby awarded and shall receive free from any claim of Wife: All personal property not otherwise specifically described herein which is now in his possession or which may be owned in his name alone.

i. The Chevy Trailblazer VIN #1GNET16S766122329.

ii. Wife shall sign over any interest in the vehicle within thirty (30) days of the signing of this judgment.

iii. Husband shall assume any outstanding debt on the vehicle and hold Wife harmless.

c. <u>Personal Records.</u> A party's personal papers are specifically awarded to that party. Each party shall use their best effort now and in the future to provide the other party with that party's personal papers and records. Those include but are not limited to birth certificates, passports, baptismal records, wills, military discharge papers, etc. Each party shall also cooperate with the other in providing financial documents that may from time to time be necessary. For example, one party may at some point in the future need a copy of a previously filed joint tax return.

8. **Spousal Support.** Wife is granted a spousal support award against Husband in the amount of $500.00 for two years as transitional support.

a. <u>Duration.</u> Payments shall commence on January 1, 2014. The final payment shall be December 1, 2016. Subsequent payments shall be due on the first day of each month thereafter until terminated by Husband's death, Wife's death, on further order of this court or when the final payment has been made in accordance with above, whichever shall first occur.

*ACCESS THE LAW*
Amanda S. Husted, OSB #070922
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

**EXHIBIT 1**
**7 of 13**

b. <u>Place of Payment.</u> Payments shall be made each month into a bank account designated by Wife for that purpose.

c. <u>Tax Impact.</u> Pursuant to Internal Revenue Code Sections 71 and 215, the support payments shall be included as income on Wife's income tax returns and be a deduction on Husband's income tax returns.

d. <u>Life Insurance.</u> Husband shall maintain a life insurance policy for the benefit of Wife. Husband shall name Wife as a beneficiary for no less than $12,000.

i. The obligation to maintain this insurance shall continue so long as Husband is required to pay spousal support as decreed by the court or an arrearage exists for accrued but unpaid support.

ii. The following provisions relate to procedural aspects of the requirement to maintain insurance:

1. During the term of the obligation to maintain insurance Husband shall furnish to Wife, upon request, a copy of the policy or evidence the proper life insurance is in force with the appropriate beneficiary designation in effect.

2. A constructive trust shall be imposed over proceeds of any insurance owned by Husband at the time of Husband's death if Husband fails to maintain insurance in said amount, or if said insurance is in force but another beneficiary is designated to receive funds.

3. Husband is prohibited from borrowing any monies from or against or in any way reducing the benefits of said policy.

4. Wife shall cause a certified copy of the judgment dissolving the parties' marriage to be delivered to the applicable life insurance company or companies in accordance with provisions of ORS 107.820(6). Wife is authorized by Oregon law and the terms of this judgment to request that the insurance company notify her if Husband fails to make a premium payment or if Husband attempts to change the beneficiary or reduce the death benefit payable under the policy. The insurance company has an affirmative duty to notify Wife whenever a premium payment has not been made or the insured takes any action that will change the beneficiary or reduce the benefits of the policy.

9. **Allocation of Debts.**

a. Husband shall assume and hold Wife harmless of the following debts:

*ACCESS THE LAW*
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

**EXHIBIT 1
8 of 13**

i. Wells Fargo VISA ending in 1360.

ii. Wells Fargo Credit Line ending in 0814

iii. All outstanding IRS back taxes through the year 2013.

iv. All outstanding Oregon Department of Revenue back taxes through the year 2013.

v. All outstanding medical debt for the children incurred before the date of entry of this Judgment.

vi. All Wife's outstanding medical debt incurred before the date of entry of this Judgment.

b. Wife shall assume and hold Husband harmless of the following debts:

i. Selco VISA ending in 4495.

c. <u>Failure to Pay.</u> If a party fails to make any debt payments as required herein, the other party, after giving the nonpaying party 10 days' notice of intent to make a payment, should have the right, but not the obligation to make a debt payment.

i. The party who failed to pay should reimburse the paying party the amount paid together with interest computed at the same rate charged by the creditor on the obligation to which payment was due.

ii. Interest should accrue from the time that payment is made until full reimbursement is made. A party who pays the other party's debt pursuant to this provision should be authorized to deduct the amount of money so paid from any payment then or thereafter due or owing the other party, including from any obligation to pay support.

10. **Withdrawal of Attorney.** Amanda Husted, attorney of record for Petitioner shall be and hereby is allowed to withdraw as attorney of record for the Petitioner.

*******************************************************************

## MONEY AWARD – CHILD SUPPORT

<u>Judgment Creditor Information:</u>

Monica Miner
2978 Bailey Lane
Eugene, Oregon 97401
All other information is filed
separately under the CIF

*ACCESS THE LAW*
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

Judgment Creditor's Attorney's Name,
Address and Telephone Number:                Amanda S. Husted
                                             245 West 13th Avenue
                                             Eugene, Oregon 97401
                                             (541) 686-4890

Judgment Debtor Name, Address,
Date of Birth, and Driver's License Number:  Eric Kaneshiro
                                             3561 Preston Street
                                             Eugene, Oregon 97401
                                             All other information is filed
                                             separately under the CIF

Judgment Debtor's Attorney's Name,
Address and Telephone Number:                N/A

Others Entitled to Portion of Judgment:      None

Judgment Amount:                             *$900.00* per month beginning on
                                             January 1, 2014

Prejudgment Interest:                        None

Post-judgment Interest:                      Nine percent (9%) per annum simple
                                             interest on support arrearages from
                                             the date the arrearage accrues until
                                             paid.

Periodic Accrual:                            Monthly.

Attorney Fees and Costs:                     None.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MONEY AWARD – SPOUSAL SUPPORT

Judgment Creditor Information:               Monica Miner
                                             2978 Bailey Lane
                                             Eugene, Oregon 97401
                                             All other information is filed
                                             separately under the CIF

Judgment Creditor's Attorney's Name,
Address and Telephone Number:                Amanda S. Husted
                                             245 West 13th Avenue
                                             Eugene, Oregon 97401

*ACCESS THE LAW*
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

(541) 686-4890

Judgment Debtor Name, Address,
Date of Birth, and Driver's License Number:

Eric Kaneshiro
3561 Preston Street
Eugene, Oregon 97401
All other information is filed
separately under the CIF

Judgment Debtor's Attorney's Name,
Address and Telephone Number:

N/A

Others Entitled to Portion of Judgment:

None

Judgment Amount:

**$500.00** per month beginning on
January 1, 2014. The last payment
shall be December 1, 2016.

Prejudgment Interest:

None

Post-judgment Interest:

Nine percent (9%) per annum simple
interest on support arrearages from
the date the arrearage accrues until
paid.

Periodic Accrual:

Monthly.

Attorney Fees and Costs:

None.

DATED this 23 day of December, 2013

Circuit Court Judge

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ACCESS THE LAW
Amanda S. Husted, OSB #107022
245 West 13th Avenue
Eugene, Oregon 97401, (541) 686-4890

GENERAL JUDGMENT OF DISSOLUTION (Money Award)

Page- 11

**EXHIBIT 1**
**11 of 13**

1 *I sign this stipulated judgment on my own volition, with full knowledge of the facts, and with*
*full information as to my legal rights and liabilities. In some instances, the terms of this*
2 *stipulated judgment represent a compromise of disputed issues. However, I believe the terms*
*and conditions to be fair and reasonable under the circumstances. I have read the stipulated*
3 *judgment and agree it accurately reflects our agreement.*

4 DATED this 18 day of December, 2013.

5

6                                         Monica Miner, Petitioner

7 SUBSCRIBED AND SWORN to before me this 18 day of December, 2013.

8       OFFICIAL SEAL
        TINA J HANNA
9       NOTARY PUBLIC - OREGON
        COMMISSION NO. 467857              Notary Public for Oregon
10      MY COMMISSION EXPIRES APRIL 23, 2016   My Commission Expires: April 23, 2016

11 DATED this 18 day of DECEMBER 2013

12

13                                        Eric Kaneshiro, Respondent

14 SUBSCRIBED AND SWORN to before me this 18 day of December, 2013.

15      OFFICIAL SEAL
        TINA J HANNA
16      NOTARY PUBLIC - OREGON
        COMMISSION NO. 467857              Notary Public for Oregon
17      MY COMMISSION EXPIRES APRIL 23, 2016   My Commission Expires: April 23, 2016.

18 PREPARED & SUBMITTED BY:
19 Amanda S. Husted OSB # 107022
   Attorney for Petitioner
20

21

22

23

24

25

26

GENERAL JUDGMENT OF DISSOLUTION (Money Award)                Page- 12

**EXHIBIT 1**

# PARCEL RECORD - Cartographic Unit

| Code Area | Tax Lot Number | | Type | Number |
|---|---|---|---|---|
| 17-03-21-14 | 6200 | 1554672 | | |

Formerly part of __17-03-21-00  00600__

| Special Interest |
|---|

**History of Parcel Prior to Re-mapping**

| Previous Account Number | | Previous Tax Lot Number | |
|---|---|---|---|

**History of Parcel**

| Exceptions/Additions | Date of Entry/ Acquisition | Deed Record | | Acres Remaining |
|---|---|---|---|---|
| | | Volume | Page | |
| NEW PLAT | 1996 | 151 279-280 | | |
| | 1995 BS | 2126 | 9574075 | |
| | 1996 wd | 2150 | 9616215 | |
| | 1996 wd | 2165 | 9626252 | |
| | 1998 QC | 2502 | 99001655 | |
| | 2002 BS | 2002 | 13511 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EMERALD ESTATES, 3RD ADDITION
LOT # 62

Remarks

150-503-050 (3-87)

**Exhibit __ONE__** EXHIBIT 1
**13 of 13**

FORM No. 721 – QUITCLAIM DEED.  © 1989-2012 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR  www.stevensness.com

BLK  NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

Monica Miner
2978 Bailey Ln
Eugene, OR 9740
_____Grantor's Name and Address_____
ERIC K. KANESHIRO
3561 PRESTON ST
EUGENE Or 97401
_____Grantee's Name and Address_____

After recording, return to (Name and Address):
ERIC K KANESHIRO
3561 PRESTON ST.
EUGENE Or 97401

Until requested otherwise, send all tax statements to (Name and Address):
ERIC KANESHIRO
3561 PRESTON ST
EUGENE Or 97401

Lane County Clerk
Lane County Deeds and Records
2017-019698

$47.00

01645289201700196980010014
04/24/2017 10:11:49 AM
RPR-DEED  Cnt=1  Stn=15  CASHIER 02
$5.00 $11.00 $21.00 $10.00

## QUITCLAIM DEED

KNOW ALL BY THESE PRESENTS that Monica Miner _____,
hereinafter called grantor, for the consideration hereinafter stated, does hereby remise, release and forever quitclaim unto _____
ERIC K KANESHIRO _____
hereinafter called grantee, and unto grantee's heirs, successors and assigns, all of the grantor's right, title and interest in that certain
real property, with the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining, situated in
_____LANE_____ County, State of Oregon, described as follows (legal description of property):

EMERALD ESTATES, 3RD ADDITION
LOT #62

(IF SPACE INSUFFICIENT, CONTINUE DESCRIPTION ON REVERSE)

To Have and to Hold the same unto grantee and grantee's heirs, successors and assigns forever.

The true and actual consideration paid for this transfer, stated in terms of dollars, is $____1_____. ⓞ However, the
actual consideration consists of or includes other property or value given or promised which is ☐ part of the ☐ the whole (indicate
which) consideration.ⓞ (The sentence between the symbols ⓞ, if not applicable, should be deleted. See ORS 93.030.)

In construing this instrument, where the context so requires, the singular includes the plural, and all grammatical changes
shall be made so that this instrument shall apply equally to businesses, other entities and to individuals.

IN WITNESS WHEREOF, grantor has executed this instrument on _Dec. 21, 2016_____; any
signature on behalf of a business or other entity is made with the authority of that entity.

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD
INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND
SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON
LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010. THIS INSTRUMENT DOES NOT ALLOW
USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS
AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE
TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO
VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS
DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO DETER-
MINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND
TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300,
195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2
TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.

_M.L.Miner_____

_____

_____

STATE OF OREGON, County of _____Lane_____) ss.
This instrument was acknowledged before me on ____December 21, 2016_____,
by _____Monica Miner_____
This instrument was acknowledged before me on _____,
by _____
as _____
of _____

OFFICIAL SEAL
JEFFREY DON BEVANS
NOTARY PUBLIC-OREGON
COMMISSION NO. 477988
MY COMMISSION EXPIRES MAY 11, 2017

_____
Notary Public for Oregon
My commission expires ____May 11, 2017_____

PUBLISHER'S NOTE: If using this form to convey real property subject to ORS 92.027, include the required reference.

EXHIBIT 2
1 of 1